UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KIEL RICHARD STONE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:16 CV 787 |
| SPRINT, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Kiel Richard Stone, a *pro se* plaintiff, has filed a complaint (DE # 1) along with a motion for leave to proceed *in forma pauperis* (DE # 2). Ordinarily, a plaintiff must pay a statutory filing fee of $400 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a

claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Stone brings this suit against Sprint, his parent's cellular phone provider, for failing to take adequate steps to prevent law enforcement agencies from illegally wiretapping his phone.[1] (DE # 1 at 2.) According to Stone, the Indiana State Police and other agencies originally wiretapped his phone pursuant to a narcotics investigation that took place in 2007. (*Id.*) However, after that investigation, Stone alleges that law enforcement agencies have persisted in illegally wiretapping his phone through to the present day. (*Id.*) He faults Sprint for failing to have adequate safeguards in place to ensure that law enforcement agencies did not continue to wiretap his phone beyond the scope and duration of the original wiretap order. (*Id.*)

Under § 2511 of the Federal Wiretap Act any person who "intentionally intercepts, endeavors to intercept or procures another to intercept any wire, oral or

---

[1] Stone has filed a separate lawsuit against the Indiana State Police, and a number of other law enforcement agencies, for their alleged roles in the illegal wiretapping of his phone. *Stone v. Indiana State Police, et al.*, No. 3:16-CV-762-RL-MGG.

electronic communications" shall be found in violation of the statute and subject to civil or criminal penalties. 18 U.S.C. § 2511; *Abbot v. Vill. of Winthrop Harbor,* 205 F.3d 976. 980 (7th Cir. 2000). Notably, Stone's allegations against Sprint do not involve any intentional conduct. Rather, his claim is that Sprint failed to take adequate steps to ensure that law enforcement agencies did not exceed the scope of the original wiretap order. Even if true, Sprint's failure to implement safeguards would not violate the Act. *Franklin v. City of Chicago Police Dep't,* No. 02 C 3354, 2004 WL 1921027 at *2 (N.D. Ill. July 9, 2004), aff'd 175 F. App'x 740 (7th Cir. 2005)(service provider not liable under the Federal Wiretap Act where it merely provided phone service to customer who alleged an illegal wiretap by a law enforcement agency); *PBA Local No. 38 v. Woodbridge Police Dep't,* 832 F.Supp 808, 832 (D.N.J. 1993). Stone's complaint against Sprint fails to state a claim under the Federal Wiretap Act.

For the foregoing reasons, plaintiff's complaint will be dismissed for failing to state a claim upon which relief can be granted unless plaintiff **SHOWS CAUSE** by January 13, 2017 why this action should not be dismissed. *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016)("when a plaintiff–especially a *pro se* plaintiff–fails to state a claim in his first complaint, he should ordinarily be given a chance to amend").

**SO ORDERED.**

Date: December 16, 2016

    s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT